BERNSTEIN v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. CARRIERS—DELIVERY OF GOODS—COURSE OF DEALING—EVIDENCE.

> On an issue as to whether a carrier was justified in delivering certain goods shipped by plaintiff's assignor to the actual purchaser, who was not named in the bill of lading, and without the production of such bill, evidence was admissible to show that plaintiff's assignor had acquiesced in a course of dealing justifying such delivery.

Appeal from City Court of New York, Trial Term.

Action by Moses Bernstein against the New York, New Haven & Hartford Railroad Company. From a City Court judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Pollock & Abrahams, for appellant.

Henry W. Taft and Francis S. McGrath, for respondent.

PER CURIAM. When the testimony was all in, the plaintiff elected to base his action upon breach of contract, and not upon conversion. The real issue then was whether the defendant was justified in delivering certain goods shipped by plaintiff's assignor to a party not named in the bill of lading, and without the production of the bill of lading. Such delivery was made to the actual purchaser of the goods in accordance with a prior course of dealing. Evidence of such a course of dealing was admissible to show acquiescence by plaintiff's assignor, and hence the exceptions to the admission of such evidence are untenable. The issues were fairly submitted to the jury under a charge to which no exception was taken, and upon the whole case no sufficient reason appears for disturbing the verdict in favor of the defendant.

Judgment and order affirmed, with costs.